QUIÑONES ET AL., PLAINTIFFS AND APPELLEES, v. ZALDUONDO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action for Rescission of Contract.

No. 3261.—Decided July 11, 1924.

SECURITY—CONJUGAL PARTNERSHIP—JOINT AND SEVERAL OBLIGATION.—*A* bound himself jointly and severally with his partner to pay the rent of the premises occupied by the firm. *Held:* That under the circumstances the logical con-

clusion, in the absence of evidence *aliunde,* is that the obligation was contracted for the benefit of the conjugal partnership of *A* and his wife as well as' for that of the firm.

The facts are stated in the opinion.

*Messrs. J. Texidor* and *Llorens & Arroyo* for the appellants.

*Mr. J. Guzmán Benítez* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

The court below rendered judgment, without separate findings or conclusions, in favor of plaintiffs and in part as follows:

"After considering the pleadings and the evidence, the court is of the opinion that the facts set up in the complaint have been established in so far as they state that the sale made by Benito Zalduondo Echevarría to Arturo Carreras Delgado, the other defendant, on April 17, 1922, transferring to the latter the property described in the complaint, was effected for the purpose of defrauding the plaintiffs, and it therefore renders judgment sustaining the complaint and rescinding the contract of bargain and sale mentioned, with costs against the defendants."

Error is assigned thus:

"The District Court of San Juan, First District, erred in weighing the evidence and in holding that a conspiracy between the defendants to defeat the rights of the plaintiffs had been shown.

"2.—The said court erred in weighing the evidence and in holding that as a result of the sale of the house and lot to Arturo Carreras Benito Zalduondo was reduced to a state of insolvency, and in not holding that subsequent to such sale Benito Zalduondo was the owner of property exceeding six thousand dollars in value.

"3.—The District Court of San Juan, First District, erred in not holding that the house and lot sold to Arturo Carreras by deed of April 17, 1922, belonged to Benito Zalduondo and Carmen Iglesias and formed part of the community property of these spouses.

"4.—The District Court of San Juan, First District, erred in not holding that the house and lot in controversy in this action, as belonging to the said community partnership, were not subject to the private debts of the husband contracted without the consent of his wife, Carmen Iglesias.

"5.—The District Court of San Juan, First District, erred in

holding that in the case at bar a transfer of property had been made in fraud of creditors.

"6.—The District Court of San Juan, First District, erred in holding in the present action that the plaintiffs were entitled to an action for rescission.

"7—The District Court of San Juan, First District, erred in holding that Benito Zalduondo was insolvent after the sale of the house and lot to Arturo Carreras."

The theory of the third and fourth assignments is indicated by the following extract from the brief for appellants:

"Section 1323 of our Civil Code (Article 1408 of the Spanish Code) provides as follows:

" 'The conjugal partnership shall be liable for:

" '1. All the debts and obligations contracted during the marriage by the husband, and also for those contracted by the wife in the cases in which she can legally bind the partnership.'

"We maintain that the said section establishes a presumption, a presumption *juris tantum,* that is to say, a presumption allowing evidence in rebuttal, in other words, that the debts contracted by the husband during the marriage shall be binding on the conjugal partnership always and whenever such debts shall have been contracted for the benefit of the partnership, but not the debts that have been contracted by the husband and in no manner benefit the conjugal partnership."

For the purposes of this opinion it may be conceded, without holding, that the position so taken by appellants is tenable. In the case at bar Zalduondo was not a mere surety upon the obligation of a friend. He assumed a joint and several liability together with his partner for the rental of the premises occupied by the business of the firm. In the circumstances the logical conclusion, in the absence of evidence *aliunde,* would seem to be that the obligation was assumed in the interests of the conjugal, as well as that of the commercial, partnership. In any event the facts do not point conclusively to the contrary conclusion.

The other questions raised go either to the sufficiency of the evidence, or else to the weighing thereof and a careful

examination of the record as a whole discloses no reversible error in either respect.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.